IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIS KONTOPEDES,

        Plaintiff,                      No. CIV S-05-2474 FCD KJM P

    vs.

DAVID L. RUNNELS, et al.,

        Defendants.              <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $11.26 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff includes a number of different, often unrelated claims in this action, discussed below.

A. <u>Threats And Verbal Assaults</u>

Plaintiff alleges that defendant Minnick, a correctional officer at High Desert State Prison (HDSP), caused plaintiff to suffer "extreme" fear for his life by threatening to have other inmates harm plaintiff unless he withdrew a grievance against defendant Perez. Complaint (Compl.) ¶ 1. Defendant Perez, a correctional officer at Wasco State Prison, "terrorized" plaintiff by threatening to "lose" him in the prison system. Compl. ¶ 2. Defendant McEwen, a correctional officer at Wasco State Prison, threatened to file fabricated rules violations reports against plaintiff unless plaintiff withdrew his grievance against defendant Perez. Compl. ¶ 3. Defendant Minnick made similar threats should plaintiff proceed with the telephonic hearing conducted by defendant McEwen. Compl. ¶4. Defendant Moffet, an HDSP correctional officer, threatened to have plaintiff placed in segregation by fabricating rules violations reports. Compl. ¶ 5. Defendant Coe, a sergeant at HDSP, threatened to incite other inmates against plaintiff. Compl. ¶ 16. And defendant Schwab, a correctional officer at HDSP, threatened plaintiff and called him names. Compl. ¶ 17.

Allegations of threats and verbal harassment do not state a claim under the Civil Rights Act. <u>See</u> <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse by itself is not a constitutional deprivation). However, plaintiff appears to be alleging the threats were undertaken in retaliation for plaintiff's grievance against defendant Perez. Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation:

/////
/////
/////
/////

3

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Plaintiff will be given an opportunity to amend this portion of his complaint, if he is able to state a viable retaliation claim while complying fully with Federal Rule of Civil Procedure 11.

In addition, plaintiff alleges his wife informed defendant Runnels, Warden of HDSP, of the threats against plaintiff and herself suffered "shock, fear, 'mental damage'" from the unchecked mistreatment of plaintiff. Compl. ¶ 6. Plaintiff does not have standing to raise this alleged violation of his wife's rights. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1108 (9th Cir. 2003). These allegations should not be included in any amended complaint.

B. Unsanitary And Unsafe Working Conditions

Plaintiff alleges that defendant Zazueta, an employee in the HDSP bakery, refuses to give gloves to inmate workers who handle dough, even when the inmates have open cuts on their hands. Compl. ¶ 8a. Plaintiff also alleges that he slipped on the greasy bakery floor and hit his head. Compl. ¶ 8b. In addition, defendant Bruce, an HDSP employee, "failed to correct inmates food preparations, cleanliness, food contaminations . . . ." Compl. ¶ 12. Defendant Runnels was made aware of the problems in the bakery. Compl. ¶ 10.

Prison work conditions do not violate the Eighth Amendment unless they endanger live or health or cause undue pain. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994). Plaintiff's claims about the failure to provide gloves are too vague, however, to determine whether they state a claim under the Civil Rights Act. First, it is unclear whether plaintiff is asserting a claim on his own behalf or on behalf of third parties. If the latter is the case, he has

no standing to maintain an action based on this practice. Mink, 322 F.3d at 1108.

Second, it is unclear whether an inmate with an open wound has in fact handled dough without gloves, which suggests that plaintiff may not be able to bring suit. Under Article III of the Constitution, a plaintiff is entitled to bring an action only when he can allege (1) an "actual or imminent," "concrete and particularized" "injury in fact," (2) causally connected to the defendants' conduct, that (3) will "likely" (and not "merely speculative[ly]") be redressed by a favorable judgment. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff will be given an opportunity to amend this portion of his complaint, if he is able to do so.

Slippery floors do not state a claim under the Eighth Amendment. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). This portion of plaintiff's complaint is frivolous and should not be included in any amended complaint.

While a claim that inmates were served contaminated food may state an Eighth Amendment claim, Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992), plaintiff's allegations are too vague for the court to determine whether he has stated such a claim: there is nothing suggesting the nature of the food contamination defendant Bruce allegedly permitted and nothing suggesting that plaintiff was in fact subject to contaminated food. He will be given an opportunity to amend this portion of his complaint.

C. Threats To Plaintiff's Wife

Plaintiff alleges that defendant White, a correctional officer at HDSP, "terrorized" his wife and defendant Runnels answered the wife's complaint with threats. Compl. ¶¶ 11, 19. As noted above, plaintiff cannot bring suit on his wife's behalf. Mink, 322 F.3d at 1108.

D. Failure To Process Grievances

Plaintiff claims that defendant Jackson has refused to process several of his grievances. Compl. ¶ 13. There is no constitutional right to a grievance procedure, so any deficiencies in the response to plaintiff's grievances do not state a claim cognizable in a civil rights act. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To the extent, however, that

plaintiff is trying to allege that this inaction was retaliatory, he will be given the opportunity to amend his complaint.

### E. Abuse Of Psychiatric Patients

Plaintiff alleges that defendant Torrez upset an inmate with psychiatric problems, causing that inmate to lose an opportunity for parole. Plaintiff also claims his complaints to defendant Woodford about the treatment of mentally ill inmates have gone unanswered. Compl. ¶¶ 14, 15. Plaintiff has not alleged that he has been subjected to such practices; as such, he had no standing to maintain this claim. Mink, 322 F.3d at 1108.

### F. Refusal To Transfer Plaintiff

Plaintiff alleges that HDSP staff refused to approve a transfer to a prison closer to his mother, even though his mother and her doctor submitted letters supporting the transfer on hardship grounds. Compl. ¶¶ 18, 21. There is no constitutional right to be housed in any particular prison. Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Accordingly, this portion of plaintiff's complaint does not state a claim under the Civil Rights Act and should not be included in any amended complaint.

### G. Delays In Sending Mail

Allegations that mail delivery was delayed for an inordinate amount of time may be sufficient to state a claim for violation of the First Amendment. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). But plaintiff fails to allege such a delay with sufficient specificity, for he does not name those he believes responsible for the delay. Plaintiff will be given an opportunity to amend this portion of his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

6

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $11.26. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

1          5. The Clerk of the Court is directed to send plaintiff a copy of the form for a
civil rights action by a prisoner.

DATED: May 22, 2006.

                                                                    UNITED STATES MAGISTRATE JUDGE

2
kont2474.14