IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO KONTOPEDES,

        Plaintiff,                No. CIV S-05-2474 FCD KJM P

   vs.

DAVID L. RUNNELS, et al.,

        Defendants.        ORDER AND

_____/       FINDINGS AND RECOMMENDATIONS

I.  Screening The Complaint

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed May 23, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

II.  Motion For Injunctive Relief

        On September 7, 2006, plaintiff filed a motion for a preliminary injunction, seeking an order directing defendants to replace property stolen from him, discontinue acts of

1

retaliation, transfer him to a different prison, stop delaying his mail and stop delaying medical treatment.  These requests echo the claims in his complaint.

The legal principles applicable to a request for preliminary injunctive relief are well established.  "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995).

Plaintiff has not demonstrated the possibility of irreparable injury, for his complaint focuses on past acts and his moving papers include only conclusory statements to the effect that he continues to suffer harm.  He has not sufficiently shown an on-going pattern of deprivations.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Service is appropriate for the following defendants:  Correa, Cochrane, Keating, Vargas, Roach, Felker, Ingwerson, Lyons, Hubbard, Rigney and Lawrence.

2.  The Clerk of the Court shall send plaintiff eleven USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed December 14, 2006.

3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a.  The completed Notice of Submission of Documents;

b.  One completed summons;

c.  One completed USM-285 form for each defendant listed in number 1 above; and

d.  Twelve copies of the endorsed amended complaint filed December 14, 2006.

4.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that plaintiff's September 7, 2006 motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 28, 2007.

_____
U.S. MAGISTRATE JUDGE

2/kont2474.1amd

1

2

3

4

5

6

7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE EASTERN DISTRICT OF CALIFORNIA

12   ANTONIS KONTOPEDES,

13           Plaintiff,                    No. CIV S-05-2474

14       vs.

15   DAVID L. RUNNELS, et al.,            NOTICE OF SUBMISSION

16           Defendants.                   OF DOCUMENTS

17   _____/

18           Plaintiff hereby submits the following documents in compliance with the court's

19   order filed _____:

20            __1__        completed summons form

21            __11__       completed USM-285 forms

22            __12__       copies of December 14, 2006 Amended Complaint

23   DATED:

24

25                                         _____

26                                         Plaintiff